ACCEPTED
03-15-00783-CV
11227410
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/20/2016 12:35:05 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00783-CV

In the Court of Appeals for the Third Judicial District of Texas
Austin, Texas

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/20/2016 12:35:05 PM
JEFFREY D. KYLE
Clerk

**WALLACE L. HALL, JR., in his official capacity as a Regent for the University of Texas System,**

*Appellant*

**v.**

**WILLIAM H. MCRAVEN, in his official capacity as Chancellor for the University of Texas System,**

*Appellee*

On Appeal from the 200th Judicial District Court of
Travis County, Texas, Hon. Scott Jenkins, Presiding
Trial Court Case No. D-1-GN-15-002473

## BRIEF OF THE ASSOCIATION OF GOVERNING BOARDS OF UNIVERSITIES AND COLLEGES AS AMICUS CURIAE SUPPORTING APPELLEE WILLIAM H. MCRAVEN

MARTIN MICHAELSON
AMY FOLSOM KETT
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
*martin.michaelson@hoganlovells.com*
*amy.kett@hoganlovells.com*

BRUCE D. OAKLEY
State Bar No. 15156900
HEAVEN C. CHEE
State Bar. No. 24087290
HOGAN LOVELLS US LLP
700 Louisiana Street, Suite 4300
Houston, TX 77002
Telephone: (713) 632-1400
Facsimile: (713) 632-1401
*bruce.oakley@hoganlovells.com*
*heaven.chee@hoganlovells.com*

*Counsel for Amicus Curiae the Association of Governing Boards of Universities and Colleges*

Dated: June 20, 2016

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the following is a complete list to the best of Amicus Curiae the Association of Governing Boards of Universities and Colleges' knowledge of all parties to the judgment being appealed from and of the names and addresses of all trial and appellate counsel.

**Parties to the Trial Court Judgment:**

Plaintiff: Wallace L. Hall, Jr.

Defendant: William H. McRaven

**Trial and Appellate Counsel:**

For Plaintiff-Appellant Wallace L. Hall, Jr.

Joseph R. Knight
State Bar No. 11601275
EWELL, BROWN, BLANKE & KNIGHT LLP
111 Congress Avenue, 28th Floor
Austin, Texas 78701
Telephone: (512) 770-4010
Facsimile: (512) 684-7681
*jknight@ebbklaw.com*

For Defendant-Appellee William H. McRaven

Patton G. Lochridge
State Bar No. 12458500
Richard D. Milvenan
State Bar No. 14171800
Kayla Carrick
State Bar No. 24087264
MCGINNIS, LOCHRIDGE & KILGORE
600 Congress Ave., Suite 2100

Austin, Texas 78701
Telephone: (512) 495-6005
Facsimile: (512) 505-6305
*plochridge@mcginnislaw.com*
*rmilvenan@mcginnislaw.com*
*kcarrick@mcginnislaw.com*

Wallace B. Jefferson
State Bar No. 00000019
Amy Warr
State Bar No. 00795708
ALEXANDER DUBOSE JEFFERSON & TOWNSEND, LLP
515 Congress Ave., Suite 2530
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile: (512) 482-9303
*wjefferson@adjtlaw.com*
*awarr@adjtlaw.com*

For Amicus Curiae Ken Paxton, Supporting Appellant:

Ken Paxton
Jeffrey C. Mateer
James E. Davis
Nichole Bunker-Henderson
Kimberly L. Fuchs
State Bar No. 24044140
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167

For Amici Curiae Alex M. Cranberg, Brenda Pejovich, Charles Miller, and Wm. Eugene Powell, Supporting Appellant:

Jeremy C. Martin
MALOUF & NOCKELS LLP
3811 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Telephone: (214) 969-7373
Facsimile: (214) 969-7648

For Amicus Curiae the Association of Governing Boards of Universities and Colleges, Supporting Appellee:

Bruce D. Oakley
State Bar No. 15156900
Heaven C. Chee
State Bar No. 24087290
HOGAN LOVELLS US LLP
700 Louisiana Street, Suite 4300
Houston, TX 77002
Telephone: (713) 632-1400
Facsimile: (202) 637-5910
*bruce.oakley@hoganlovells.com*
*heaven.chee@hoganlovells.com*

Martin Michaelson
Amy Folsom Kett
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
*martin.michaelson@hoganlovells.com*
*amy.kett@hoganlovells.com*

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................................. i

Table of Contents .......................................................................................... iv

Index of Authorities....................................................................................... v

Interest of Amicus Curiae and Rule 11(c) Disclosure ............................................. vi

Statement of the Case ...................................................................................... vii

Issue Addressed by Amicus Curiae........................................................................ vii

Statement of Facts .......................................................................................... 2

Summary of Argument...................................................................................... 2

Argument...................................................................................................... 3

I.      THE FIDUCIARY DUTY OWED BY A UNIVERSITY
        GOVERNING BOARD TO THE INSTITUTION IT SERVES
        IMPLICITLY LIMITS INDIVIDUAL TRUSTEES' ABILITY TO
        DEMAND INFORMATION FROM UNIVERSITY OFFICIALS. .............. 3

II.     REGENT HALL'S CLAIMED UNLIMITED RIGHT OF
        ACCESS TO U.T. SYSTEM FILES CONTRAVENES THE
        CLEAR PURPOSE OF THE BOARD OF REGENTS' ENABLING
        STATUTE AND RULES, WHICH IS TO FACILITATE
        PROFICIENT GOVERNANCE. .................................................... 4

III.    REGENT HALL IS NOT ENTITLED TO THE INFORMATION HE
        SEEKS.................................................................................... 6

Prayer......................................................................................................... 8

Certificate of Compliance ................................................................................. 9

Certificate of Service....................................................................................... 9

iv

# INDEX OF AUTHORITIES

**Page(s)**

## CASE

*Citizens Bank of Bryan v. First State Bank, Hearne*, 580 S.W.2d 344
(Tex. 1979) ....................................................................................................... 5

## STATUTES

Tex. Educ. Code § 65.16(b), (c) ...................................................................... 5

Tex. Gov't Code § 311.023(1), (5)................................................................... 6

## RULES

Board of Regents' Rule 10101, § 3.1 ............................................................... 4

Board of Regents' Rule 10101, § 3.5 ............................................................... 5

## OTHER AUTHORITIES

Association of Governing Boards of Universities and Colleges,
*AGB Board of Directors' Statement on the Fiduciary Duties of
Governing Board Members* (2015) .................................................................. 3

## INTEREST OF AMICUS CURIAE AND RULE 11(C) DISCLOSURE

Amicus Curiae the Association of Governing Boards of Universities and Colleges ("AGB"), founded in 1921, is the premier national organization centered on governance in higher education. Its members are some 1,300 boards of 1,900 colleges, universities, and institutionally-affiliated foundations. Through its members, AGB serves more than 40,000 representatives of higher education institutions, including trustees and regents, presidents and chancellors, senior-level administrators, and college and university board professional staff. AGB's mission is to strengthen, protect, and advocate on behalf of trusteeship that advances higher education. AGB has a particular interest in presenting its views in this case because the case involves an issue of substantial importance to college and university governance in this nation. In addition, AGB notes that Appellant Wallace L. Hall, Jr. ("Regent Hall") has attached to his reply brief an AGB publication that is intended to educate board members about their fiduciary duties and how to translate their fulfillment of those duties into effective board conduct and oversight, from which he quotes one sentence. *See* Reply Brief of Appellant at 9 & Tab C. By so doing, Regent Hall may give this Court to believe that AGB supports his position, which AGB does not.

Pursuant to Texas Rule of Appellate Procedure 11(c), AGB represents that it is paying the fee for preparation of this brief.

## STATEMENT OF THE CASE

AGB adopts Appellee William H. McRaven's ("Chancellor McRaven's") statement of the case. *See* Br. of Appellee at xii.

## ISSUE ADDRESSED BY AMICUS CURIAE

Whether an individual member of a university governing board has an unlimited right of access to all information or documents created or maintained by the institution.

No. 03-15-00783-CV

In the Court of Appeals for the Third Judicial District of Texas
Austin, Texas

**WALLACE L. HALL, JR., in his official capacity as a Regent for the University of Texas System,**

*Appellant*

**v.**

**WILLIAM H. MCRAVEN, in his official capacity as Chancellor for the University of Texas System,**

*Appellee*

On Appeal from the 200th Judicial District Court of
Travis County, Texas, Hon. Scott Jenkins, Presiding
Trial Court Case No. D-1-GN-15-002473

**BRIEF OF THE ASSOCIATION OF GOVERNING BOARDS OF UNIVERSITIES AND COLLEGES AS AMICUS CURIAE SUPPORTING APPELLEE WILLIAM H. MCRAVEN**

TO THE HONORABLE THIRD COURT OF APPEALS:

The limitless right of access that Regent Hall claims to information maintained by the University of Texas System ("U.T. System") is irreconcilable with the fiduciary principles on which he bases the asserted right, and it contravenes the manifest purpose of the Board of Regents' enabling statute and

rules intended to foster proficient governance. This Court should reject Regent Hall's untenable position and affirm the trial court judgment granting Chancellor McRaven's plea to the jurisdiction.

## STATEMENT OF FACTS

AGB adopts Chancellor McRaven's statement of facts. *See* Br. of Appellee at 2-10.

## SUMMARY OF ARGUMENT

Individual university trustees do not have an unlimited right to all information created or maintained by the institution. Trustees must be able to inquire about matters relevant to the governing board's policy-making role. But the board as a whole, and not any individual member, holds legal authority to act. An information request, as here, can be so excessive that it amounts to micromanagement, or even harassment, of the officials charged with administering the university's affairs. Conflation of the trustee and administrative roles severely undermines administrative authority and improperly places the trustee in the role of prosecutor or grand jury. And a request by a single member in opposition to the expressed will of the board distracts the board from fulfilling its fiduciary duties to the institution.

The exact line where an information request becomes excessive need not be drawn to conclude that it is transgressed in this case by Regent Hall's demand for

2

hundreds of thousands of pages of documents contained in a third-party investigative file related to a now-superseded University policy, and as to which the U.T. System has bona fide student privacy concerns. Construing Texas law to afford Regent Hall unlimited access to this and any other information he asks for simply because he is a regent is manifestly contrary to the objective of the Board of Regents' authorizing statute and rules, which is to facilitate proficient governance.

## ARGUMENT

I. **THE FIDUCIARY DUTY OWED BY A UNIVERSITY GOVERNING BOARD TO THE INSTITUTION IT SERVES IMPLICITLY LIMITS INDIVIDUAL TRUSTEES' ABILITY TO DEMAND INFORMATION FROM UNIVERSITY OFFICIALS.**

Regent Hall roots his purported right of unlimited access to the U.T. System's files in the fiduciary duties that he owes the U.T. System as a regent. *See, e.g.*, Br. of Appellant at 21; Reply Br. of Appellant at 9. This is incorrect.

An individual trustee has both a right and a duty to inquire into matters over which the trustee has policy-making oversight. But the trustee's exercise of his or her fiduciary role requires "careful attention to [a] balancing of interests." AGB, *AGB Board of Directors' Statement on the Fiduciary Duties of Governing Board Members* at 3 (2015) (attached to Reply Br. of Appellant at Tab C). University board members "must understand that while they hold fiduciary duties individually, they act collectively as a board." *Id.*

3

An individual trustee's information request can be so excessive or obtrusive as to amount to self-aggrandizement, not stewardship. Consider, for example, a trustee's insistence on being copied on all communications to and from a university president's office, or a demand for the complete files that relate to every decision a chancellor makes. Such second-guessing of university executives' judgment confuses the roles of trustee and administrator, undermines administrative authority, and hobbles university officials in their ability to carry out their duties.

So, too, information requests pursued in disregard of the expressed will of the board as a whole subvert the board's ability to perform its oversight responsibilities. Controversies over the scope of an individual trustee's entitlement to sensitive information distract from the board's strategic initiatives and, as this case demonstrates, can lead to protracted and costly litigation. The law must impose reasonable limits on the conduct of individual trustees to prevent overreach.

## II. REGENT HALL'S CLAIMED UNLIMITED RIGHT OF ACCESS TO U.T. SYSTEM FILES CONTRAVENES THE CLEAR PURPOSE OF THE BOARD OF REGENTS' ENABLING STATUTE AND RULES, WHICH IS TO FACILITATE PROFICIENT GOVERNANCE.

Regent Hall also premises his asserted unlimited right of access on Board of Regents' Rule 10101, § 3.1 ("Members of the Board of Regents are to be provided access to such information as will enable them to fulfill their duties and

4

responsibilities as Regents of the U.T. System."). But the rule will not bear the weight of his inflexible interpretation.

The clear objective of the Board of Regents' Rules, and of the Board of Regents' enabling statute, is to ensure sound governance, including due recognition of the respective policy-making and managerial roles assigned to the Board and the U.T. System administration. *See, e.g.,* TEX. EDUC. CODE § 65.16(b), (c) (requiring Board of Regents to "appoint a chief executive officer" who, "[s]ubject to the power and authority of the board, . . . is responsible for the general management of the university system within the policies of the board"); Board of Regents' Rule 10101, § 3.5 ("Members of the Board will at all times respect the role of the Chancellor as the chief executive officer of the U.T. System . . . .").

Regent Hall's insistence that an individual regent has an absolute unlimited right to inspect the Chancellor's files cannot be squared with this objective because, as explained above, unreasonable information requests impede both the administration and the Board in fulfilling their respective duties. Because it is at odds with the manifest purpose of the statute and rules, under settled canons of statutory construction, Regent Hall's interpretation cannot stand. *See, e.g., Citizens Bank of Bryan v. First State Bank, Hearne,* 580 S.W.2d 344, 348 (Tex. 1979) ("It is recognized that a statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one of

which will carry out and the other defeat the manifest object, it should receive the former construction."). *See also* TEX. GOV'T CODE § 311.023(1), (5) ("In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the . . . object to be attained" and "the consequences of a particular construction").

## III. REGENT HALL IS NOT ENTITLED TO THE INFORMATION HE SEEKS.

The Court need not in this case definitively draw the precise line at which an individual trustee's information request offends principles of sound governance in order to conclude that the line has been crossed here. This is not Regent Hall's first excessive document request. He has never articulated a specific or legitimate need to view the hundreds of thousands of pages of documents he now demands to see, other than his conclusory speculation that the independent investigator's file "may" contain evidence of "admissions irregularities or illegalities that are not fully documented" in the investigator's public report. Reply Br. of Appellant at 22-23.

But unsupported hunches about potential improprieties cannot be the standard for access to the Chancellor's files, or else there are no constraints at all on an individual trustee's power perpetually to harass university officials carrying out their duties in good faith. What is more, the investigative file Regent Hall now

wants to reopen relates to events that occurred several years ago, under a different administration, and an admissions policy that has since been amended to remedy the very defects the investigation identified. For these reasons, and because the U.T. System is appropriately concerned to protect personally identifiable student information, Regent Hall cannot meet his high burden of showing that he is entitled to the information he seeks.

Recognition of reasonable limits on an individual trustee's right to inspect university documents contrary to the expressed will of the board and administration does not signify that a trustee lacks recourse when faced with alleged wrongdoing by fellow board members or administrators who oppose his request. For instance, the trustee is free to bring to law enforcement authorities a belief that illegality occurred. What the law does not, and should not, permit are information requests amounting to fishing expeditions that prevent the board and university officials from fulfilling their statutorily mandated responsibilities.

7

## PRAYER

For the foregoing reasons, this Court should reject Regent Hall's claim to an unlimited right of access to U.T. System documents and affirm the judgment of the trial court.

Dated: June 20, 2016

Respectfully submitted,

By:    /s/ Bruce D. Oakley

MARTIN MICHAELSON
AMY FOLSOM KETT
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., N.W.
Washington, D.C. 20004-1109
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
*martin.michaelson@hoganlovells.com*
*amy.kett@hoganlovells.com*

BRUCE D. OAKLEY
State Bar No. 15156900
HEAVEN C. CHEE
State Bar. No. 24087290
HOGAN LOVELLS US LLP
700 Louisiana Street, Suite 4300
Houston, TX 77002
Telephone: (713) 632-1400
Facsimile:  (713) 632-1401
*bruce.oakley@hoganlovells.com*
*heaven.chee@hoganlovells.com*

Dated:  June 20, 2016

*Counsel for Amicus Curiae the Association of Governing Boards of Universities and Colleges*

8

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Brief of the Association of Governing Boards of Universities and Colleges as Amicus Curiae Supporting Appellee William H. McRaven complies with Tex. R. App. P. 9.4(i), because the relevant portions of the brief contain 1,599 words, as counted by Microsoft Word 2010.

*/s/ Bruce D. Oakley*
Bruce D. Oakley

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief of the Association of Governing Boards of Universities and Colleges as Amicus Curiae Supporting Appellee William H. McRaven was served on June 20, 2016 on the following attorneys of record via e-service in accordance with the Texas Rules of Appellate Procedure:

Joseph R. Knight
State Bar No. 11601275
EWELL, BROWN, BLANKE & KNIGHT LLP
111 Congress Avenue, 28th Floor
Austin, Texas 78701
Telephone: (512) 770-4010
Facsimile: (512) 684-7681
*jknight@ebbklaw.com*

Patton G. Lochridge
State Bar No. 12458500
Richard D. Milvenan
State Bar No. 14171800
Kayla Carrick
State Bar No. 24087264
MCGINNIS, LOCHRIDGE & KILGORE
600 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6005
Facsimile:  (512) 505-6305
*plochridge@mcginnislaw.com*
*rmilvenan@mcginnislaw.com*
*kcarrick@mcginnislaw.com*

*/s/ Bruce D. Oakley*
Bruce D. Oakley